# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EVANGELINA AGUILERA,**
individually and on behalf of all
others similarly situated,
        Plaintiff,

   v.                                                     Case No. 13-C-1245

**WAUKESHA MEMORIAL HOSPITAL, INC.,**
        Defendant.

---

## DECISION AND ORDER

Before me now is the plaintiffs' motion for conditional class certification and court-facilitated notice pursuant to 29 U.S.C. § 216(b). Plaintiffs Evangelina Aguilera and Angelina Nunez allege that their employer, defendant Waukesha Memorial Hospital, Inc., violated the Fair Labor Standards Act ("FLSA") by not compensating plaintiffs and other members of the purported class for on-duty meal periods. By this motion, plaintiffs seek to conditionally certify two collective classes—a Collective Housekeepers Class and a Collective Certified Nursing Assistant Class. The Collective Housekeeper Class is defined as:

> All persons who have worked for Waukesha Memorial at any time since May 9, 2011 as a Housekeeper and who have been denied pay during unpaid meal periods, despite being required to monitor a phone, pager, and/or walkie-talkie or having had their unpaid meal period interrupted by work without compensation.

The Collective Certified Nursing Assistant Class is defined as:

> All persons who have worked for Waukesha Memorial at any time since May 9, 2011 as a Certified Nursing Assistant ("CNA") and who have been denied pay during unpaid meal periods, despite being required to monitor a phone,

pager, and/or walkie-talkie or having had their unpaid meal period interrupted by work without compensation.

For the reasons set forth below, the plaintiffs' motion will be granted.

## I. BACKGROUND

Based on the evidence submitted by plaintiffs, I accept the following facts as true for purposes of this conditional-certification motion.

ProHealth Care Inc. is a healthcare system that includes Waukesha Memorial Hospital. The plaintiffs and members of the putative class work at that hospital. Waukesha Memorial currently employs approximately 138 housekeepers and 184 CNAs. Nunez is employed by Waukesha Memorial Hospital as a Certified Nursing Assistant ("CNA"), and Aguilera is employed by Waukesha Memorial Hospital as a Housekeeper.

Waukesha Memorial is organized into several divisions, which are further divided into departments. Plaintiffs and members of the proposed collective classes work in Waukesha Memorial's Hospital Division. Within the Hospital Division, all housekeepers work in the Environmental Services ("EVS") Department, which is a subset of Diagnostic & Support Services. All housekeepers report to the EVS Department Manager and the EVS Department Manager reports to the EVS Director. CNAs work in all nursing departments within the Hospital Division. The manager or supervisor of the nursing units within which CNAs work is the manager or supervisor of all employees in that nursing unit, including CNAs. Despite the different departments in which CNAs work, all CNAs ultimately work under the direction of the Chief Nurse Executive in all nursing units of the Hospital Division.

Every housekeeper and CNA working at Waukesha Memorial is subject to its automatic meal deduction policy. Per Waukesha Memorial's policy, a half-hour meal period is automatically deducted from the pay of all housekeepers and CNAs for each shift he or she works. Despite these uniform automatic deductions, Waukesha Memorial requires all housekeepers and CNAs to carry and monitor hospital-assigned communication devices and respond to calls throughout the course of their workday, even during their unpaid meal period. As a result, plaintiffs allege, Waukesha Memorial housekeepers and CNAs are not free from their work duties during their unpaid half hour meal period, are not able to leave the premises, and are regularly interrupted. An employee's failure to carry, monitor, and respond to calls can result in discipline, up to and including discharge.

Waukesha Memorial has a hospital-wide time recording policy that applies to all employees, including housekeepers and CNAs. Pursuant to this policy, all housekeepers and CNAs are required to use the Kronos Time system to record their time at work. Housekeepers and CNAs use an ID badge to swipe into the Kronos terminal at the beginning of their shift and swipe out of the Kronos terminal at the end of their shift. Although the policy states that a housekeeper or CNA can leave the premises during his or her scheduled shift if he or she swipes out of the Kronos system when leaving and swipes back into the Kronos system when returning to work, housekeepers and CNAs rarely, if ever, leave the premises for lunch.

Each department in the Hospital Division has a director and a manager that oversees the day-to-day operations of the department. The directors, managers, and supervisors of a division or department function within the larger hospital organizational

3

structure and, in that capacity, are permitted to create and implement policies, including requiring employees to carry communication devices. Waukesha Memorial expects all employees to follow the policies implemented by their respective departments.

All housekeepers are assigned either a wireless hospital based phone or pager and some housekeepers may be assigned both. Throughout the relevant statutory period, EVS departmental policy has been that housekeepers are required to carry the assigned communication device at all times throughout the course of their respective shifts, even during the unpaid 30 minute meal period. Departmental policy prohibits housekeepers from turning off their phones or pagers and they must respond within 10 minutes to pages or calls. If a housekeeper does not respond within 10 minutes, the supervisor on duty will continue to call until they respond or the supervisor will search the hospital and attempt to locate them. Even if the housekeeper is on his or her meal break, he or she must always respond to the page or answer the call. On occasion, housekeepers are required to leave lunch and go perform a task. Furthermore, phones and pagers may not be removed from the premises and must stay in the control of the person who signed it out at all times.

Waukesha Memorial requires all CNAs to carry a hospital-based phone in an effort to carry out their roles as CNAs and provide necessary aid to patients. The phone that CNAs must carry at all times does not work outside the hospital and must remain on the hospital premises. The phone must be turned on at all times and the CNA must answer the phone unless doing so will put another patient in danger. If the CNA is unavailable to answer the phone, the system will automatically call the RN assigned to the patient that is calling. However, if a CNA does not answer his or her phone, he or she may be subject

to discipline. Registered nurses, the charge nurse, the nurse manager, or a physician may call the CNA on his or her hospital phone at any time. Regardless of the minor differences between departments in which CNAs work, management is well aware of the fact that virtually every CNA takes his or her phone with them during their meal break, and if the employee has his or her phone with them, they are required to answer it.

## II. DISCUSSION

The Fair Labor Standards Act ("FLSA") provides an avenue for employees to recover unpaid and overtime compensation by collectively suing an employer under certain circumstances. See 29 U.S.C. § 216(b). Specifically, § 216(b) states:

> Any employer who violates [the maximum hours provisions] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . . An action to recover [for such liability] may be maintained . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.

In order to proceed collectively, the plaintiffs must demonstrate that they are similarly situated to the opt-in plaintiffs, who are the employees the plaintiffs seek to notify and represent. Although the Seventh Circuit has not yet addressed this issue, courts in this district and other surrounding districts within this circuit, generally utilize a two-phase process in an attempt to determine who is similarly situated and, thus, entitled to notice. Brabazon v. Aurora Health Care, Inc., No. 10-CV-714, 2011 U.S. Dist. LEXIS 37057, *6-7 (E.D. Wis. Mar. 28, 2011). Under the first step, if the plaintiff can make a modest factual showing that demonstrates that they and putative class members were subject to a common policy or scheme that runs afoul of the law, the court will allow notice to be sent to potential class members. Adair v. Wisconsin Bell, Inc., No. 08-C-280, 2008 WL

5

4224360, at *3 (E.D. Wis. Sept. 11, 2008). The second step involves the defendant asking the court to determine whether or not the opt-in class members are in fact similarly situated, and typically does not occur until after discovery. Id.

This case is at the first stage; thus, plaintiffs' burden at this conditional certification stage is relatively lenient. Id. Importantly, the first step in the conditional certification stage does not involve adjudication on the merits of the claims. Espenscheid v. DirectSat USA, LLC, No. 09-C-625, 2010 WL 2330309, at *5 (W.D. Wis. June 7, 2010) (citing Sjoblom v. Charter Communications, LLC, 571 F. Supp.2d 961, 967 (W.D. Wis. 2008)). Instead, the plaintiffs must only show that a factual nexus connects them to other putative class members as victims of an unlawful practice. Id. "Significantly, the focus of this inquiry is 'not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated.'" Brabazon, 2011 U.S. Dist. LEXIS at *8 (quoting Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005)).

Plaintiffs assert that they are similarly situated to all persons who have worked for Waukesha Memorial at any time since May 9, 2011 as a Certified Nursing Assistant or Housekeeper. Plaintiffs proffer one principal theory under the FLSA: Waukesha Memorial's common policy of taking pay deductions from Housekeepers and CNAs who are required to monitor and respond to cell-phone and walkie-talkie calls during their meal breaks violates the FLSA. Defendant does not dispute that named and opt-in plaintiffs were all subject to defendant's uniform automatic meal break deduction policy, or that plaintiffs were subject to defendant's uniform policy that required Housekeepers and CNAs to monitor and respond to cell phone and walkie-talkie calls while on unpaid meal

breaks. However, defendant disputes that plaintiffs and potential opt-in plaintiffs, together, were the victims of a common policy or plan that actually violates the FLSA. Specifically, Waukesha Memorial contends that its auto-deduction policy does not, on its face, violate the FLSA and, therefore, the plaintiffs' allegations are not appropriate for collective treatment because they state no claim.

Waukesha Memorial is correct that allegations of a company's practice of automatic deductions for scheduled meal breaks in and of itself is not "sufficient as a common denominator to permit a collective action" on behalf of all Housekeepers and CNAs subject to the practice. Fengler v. Crouse Health Foundation, Inc., 595 F. Supp.2d 189, 195 (N.D.N.Y. 2009). In this case, however, plaintiffs have alleged more than just a common auto-deduction policy. Plaintiffs go a step further and allege Waukesha Memorial's failure to compensate Housekeepers and CNAs who work through those unpaid meal breaks, by being readily available to respond to a radio-call or page, violates the FLSA. Plaintiffs support their allegations with the declarations of three putative plaintiffs and the deposition testimony of several managerial representatives from Waukesha Memorial.

Plaintiffs, by way of the evidence they presented, have made a modest factual showing that CNAs and Housekeepers are required to monitor and respond to their communication devices during meal breaks, yet they are uncompensated for this time. Moreover, plaintiffs have demonstrated that CNAs and Housekeepers are subject to discipline if they do not immediately respond to a call or page on their communication devices. Plaintiffs further established that they are generally unable to leave Waukesha Memorial's premises during their unpaid meal breaks due to the hospital's policy that

7

CNAs and Housekeepers must immediately respond to pages and calls on their communication devices, including during unpaid meal breaks. I find that plaintiffs' evidence is sufficient to satisfy the lenient similarly situated standard for conditional certification of a collective action.

Waukesha Memorial argues that requiring CNAs and Housekeepers to monitor and possibly respond to communication devices during their unpaid meal break is not compensable under FLSA because this time is not spent predominantly for the benefit of Waukesha Memorial. See Leahy v. City of Chicago, 96 F.3d 228, 231 n. 2 (7th Cir. 1996). As noted above, however, the conditional certification inquiry should not assess the merits of a plaintiff's claim. The argument as to whether or not a meal break is compensable is better suited for later stages of this case.

Waukesha Memorial further argues that although all CNAs hold the same title, they are not similarly situated, as the majority of CNAs work on different shifts, under different supervisors, and in different departments. Waukesha Memorial advances the same argument in respect to plaintiffs' claim that Housekeepers are similarly situated. While it may be true that all CNAs and Housekeepers do not perform the exact duties as their respective counterparts, plaintiffs have established that all Housekeepers and CNAs are subject to the same uniform policy, which requires them to monitor and respond to pages and calls on a hospital-supplied communication device, regardless of shift, department, or supervisor. Significantly, plaintiffs established this policy's existence by way of Waukesha Memorial's managerial staff, who testified in their depositions that Waukesha Memorial did in fact require all Housekeepers and CNAs to monitor and respond to

communication devices during unpaid meal breaks or, alternatively, be subject to disciplinary action.

Waukesha Memorial also produced twenty-six declarations from Housekeepers and CNAs who currently work at Waukesha Memorial Hospital. Within these declarations, the employees claim that despite being required to respond to pages or phone calls during their unpaid meal breaks, they have never been encouraged by Waukesha Memorial's management to forego cancelling the unpaid meal break on the Kronos system. Waukesha Memorial also produced numerous time-log records, indicating that a number of CNAs and Housekeepers do in fact cancel their auto-deducted meal breaks if their meal period is interrupted by a page or call. However, "some courts have conditionally certified collective actions based solely on the theory that these cancellation procedures inappropriately shift the employer's responsibility to ensure compensation for work suffered or permitted to the employee." Brabazon, 2011 U.S. Dist. LEXIS at *13 (citing Kuznyetxov v. W. Penn Allegheny Health Sys., No. 09-CV-379, 2009 U.S. Dist. LEXIS 47163, at *14-15 (W.D. Pa. June 1, 2009); Camesi v. Univ. of Pittsburgh Med. Ctr., No. 09-85J, 2009 WL 1361265, at *4 (W.D. Pa. May 14, 2009); see also 29 C.F.R. § 785.13 ("[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed . . . the mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.")). In this case, I need not base my conditional certification on the cancellation policy, standing on its own, because, as explained above, there is an independent basis for conditionally certifying this as a collective action.

9

In sum, plaintiffs' allegations, which are supported by the declarations of three putative plaintiffs and the deposition testimonies of several managerial representatives from Waukesha Memorial, demonstrate that plaintiffs, along with the putative class members, were victims of a common policy that may have violated the FLSA. Plaintiffs have put forth sufficient evidence to reasonably infer that, for all CNAs and Housekeepers employed at Waukesha Memorial, defendant violated the FLSA by failing to ensure that CNAs and Housekeepers were compensated for all work completed, even the inactive tasks of monitoring a communication device and remaining available to readily respond. As we are in the first stage of the class-certification inquiry, the evidence presented by plaintiffs of this common practice is sufficient to warrant conditional certification and notice to all CNAs and Housekeepers of Waukesha Memorial.

With respect to the form of the notice to potential class members, defendant raised various objections to plaintiffs' original proposal. However, plaintiffs submitted an amended notice that addressed each of defendant's contentions. After reviewing plaintiffs' amended proposed notice, I have determined that it is reasonable and, thus, should be sent to potential class members.

Defendant takes issue with plaintiffs' request to be provided a list identifying all persons known to defendant who meet the class-certification definitions, including their first names, last names, last known street address, city, state, zip code, phone numbers, dates of employment, and their social security numbers in a Microsoft Excel spreadsheet within 10 days of my granting of this motion. Specifically, defendant objects to providing plaintiffs with the social security numbers and phone numbers of potential class members. I agree with defendant that providing such information could expose potential class

members, particularly those who may be uninterested in joining the action, to an unnecessary intrusion of their privacy. Thus, plaintiffs are to only be provided with a list identifying all persons known to defendant who meet the class-certification definitions, including their first names, last names, last known addresses, and dates of employment.

Defendant further contends that providing plaintiffs with the above information within 10 days is unreasonable. It asks for 14 days. This request will be granted.

Defendant further objects to plaintiffs' counsel administering the notice process, and it requests that a third-party administrator mail the notice to putative class members. However, I find it unnecessary to involve a third-party administrator and will allow plaintiffs' counsel to mail the approved notice. Both parties have agreed that a forty-five day notice period is appropriate and that notice should be sent via first class mail.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiffs' motion for conditional certification and court-facilitated notice is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant shall provide plaintiffs' counsel with a list identifying all persons known to defendant to meet the class-certification definitions, including their first names, last names, last known addresses, and dates of employment.

**IT IS FURTHER ORDERED** that plaintiffs' counsel is to be appointed Collective Action Counsel, and is authorized to give notice of this lawsuit to all putative members of the class, using plaintiffs' proffered amended notice, with a 45-day opt-in period. Such

notice may be sent by first class mail.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2014.

                                    s/ Lynn Adelman
                                    _____
                                    LYNN ADELMAN
                                    District Judge

12

Case 2:13-cv-01245-LA   Filed 08/18/14   Page 12 of 12   Document 44